# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN LUIS LEONOR,<br><br>                Plaintiff,<br><br>   vs.<br><br>CHIEF JUSTICE HEAVICAN, Nebraska Supreme Court Chief Justice; WRIGHT, Nebraska Supreme Court Justice; MILLER-LERMAN, Nebraska Supreme Court Justice; CASSEL, Nebraska Supreme Court Justice; STACY, Nebraska Supreme Court Justice; KELCH, Nebraska Supreme Court Justice; FUNKE, Nebraska Supreme Court Justice; PAPIK, Nebraska Supreme Court Justice; and DOUGLAS PETERSON, Nebraska Attorney General;<br><br>                Defendants. | 8:21CV76<br><br>**MEMORANDUM<br>AND ORDER** |

       Plaintiff, a state prisoner, filed his pro se Complaint on February 26, 2021, and has been granted leave to proceed in forma pauperis. On April 29, 2021, the court granted Plaintiff's motion for leave to amend, with the understanding that his Amended Complaint, when filed, would supersede his prior pleading, as to which the court had not yet conducted an initial review. (See Filing 9.)

       Plaintiff's Amended Complaint (Filing 10) was timely filed on May 11, 2021, and now must be reviewed by the court under 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether summary dismissal is appropriate. For the reasons discussed below, the court concludes there is a lack of subject matter jurisdiction. This action therefore will be dismissed without prejudice, and without further leave to amend.

# I. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

As part of its initial review, this court also has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

subject matter jurisdiction, the court must dismiss the action."). "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide. Moreover, because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial, ...." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (citation omitted).

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff alleges he was convicted in 2002 of, among other charges, two counts of second degree murder, in violation of Neb. Rev. Stat. § 29-304(1), and two counts of use of a deadly weapon to commit a felony, in violation of Neb. Rev. Stat. § 28-1205(1), and he is currently serving his sentences on those convictions. (Filing 10, ¶¶ 4, 5.) Plaintiff's convictions and sentences were affirmed by the Nebraska Supreme Court in *State v. Leonor*, 263 Neb. 86, 638 N.W.2d 798 (2002).

Plaintiff alleges he unsuccessfully sought state habeas corpus relief in 2017, relying on the Nebraska Supreme Court's decision in *State v. Smith*, 282 Neb. 720, 806 N.W.2d 383 (2011), which held that "an intentional killing committed without malice upon a 'sudden quarrel,' … constitutes the offense of manslaughter." *Smith*, 282 Neb. at 734, 806 N.W.2d at 394. *Smith* overruled *State v. Jones*, 245 Neb. 821, 515 N.W.2d 654 (1994), in which the Nebraska Supreme Court had held "there is no requirement of an intention to kill in committing manslaughter. The distinction between second degree murder and manslaughter upon a sudden quarrel is the presence or absence of an intention to kill." *Jones*, 245 Neb. at 830, 515 N.W.2d at 659. After *Smith*, the only differentiation is the presence or absence of sudden quarrel provocation. *See State v. Stack*, 307 Neb. 773, 788-89, 950 N.W.2d 611, 622 (2020).

Affirming the dismissal of Plaintiff's habeas petition, the Nebraska Court of Appeals held Plaintiff was precluded from collaterally attacking his convictions because the Nebraska Supreme Court declared in *State v. Glass*, 298 Neb. 598, 905 N.W.2d 265 (2018), that its holding in *Smith* is not a substantive rule of law, and thus does not apply retroactively to cases on collateral review.[1] (Filing 10, ¶¶ 7-9.)

---

[1] Named as defendants in the present case are six current Nebraska Supreme Court Justices, two former Nebraska Supreme Court Justices, and the Nebraska

A copy of the Court of Appeals' unpublished opinion, issued on March 27, 2018, is attached to Plaintiff's Amended Complaint. (Filing 10, pp. 23-31.) The court takes judicial notice that Plaintiff's petition for additional review by the Nebraska Supreme Court was denied on June 1, 2018, and his petition for a writ of certiorari was denied by the United States Supreme Court on October 15, 2018.[2]

Plaintiff seeks a declaration that "as guarantee[d] by the U.S. Constitution as envisioned in *Montgomery v. Louisiana*, [577 U.S. 190 (2016)], and federal rules of retroactivity, which the Nebraska Supreme Court employs, the rule announced in [*Smith*] is a substantive rule that applies retroactively to cases on collateral review." Plaintiff also requests "injunctive relief directing the Nebraska Courts to apply retroactively in Plaintiff's case the new rule announced in [*Smith*], either because the U.S. Constitution commands state courts to do so, or because if it is the Nebraska court[']s choice to employ the federal rule of retroactivity to its rules, then Plaintiff is entitled to no less remedy than what those federal rules require." (Filing 10, p. 21.)

## III. DISCUSSION

Plaintiff brings this civil action under the Declaratory Judgment Act, which provides in relevant part that "[i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable

---

Attorney General, all of whom are alleged to have been involved in the *Glass* case. (Filing 10, ¶ 12.) Because Plaintiff does not specify that the defendants are sued personally, it is presumed they are sued only in their official capacities. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Because subject matter jurisdiction is lacking, the court will not address whether Plaintiff's Amended Complaint states a claim upon which relief might be granted against any of these defendants.

[2] *See Leonor v. Frakes*, Nebraska Court of Appeals Case No. A-17-153. The court may take judicial notice of judicial opinions and public records and include them in its consideration of a case. *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005). Nebraska's judicial records may be retrieved online through the JUSTICE website, https://www.nebraska.gov/justice.

as such." 28 U.S.C.A. § 2201(a) (Westlaw 2021). "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C.A. § 2202 (Westlaw 2021).

"The Declaratory Judgment Act does not provide a means for standing or relief." *Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 897 n. 2 (8th Cir. 2020); *see Carson v. Pierce*, 719 F.2d 931, 933 (8th Cir. 1983) (stating that the Declaratory Judgment Act requires a controversy appropriate for judicial determination, just like Article III standing). "The operation of the Declaratory Judgment Act is procedural only" and does not expand the jurisdiction of federal courts. *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 637 (8th Cir. 2021), quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937). As with any claim brought in federal court, a declaratory judgment action must be "definite and concrete, touching the legal relations of parties having adverse legal interests, real and substantial, and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id*., quoting *McLeod v. General Mills, Inc.*, 856 F.3d 1160, 1166 (8th Cir. 2017); *see Butler v. Dowd*, 979 F.2d 661, 673 (8th Cir. 1992) ("The test is whether there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."). The Supreme Court has emphasized "the need ... to prevent federal court litigants from seeking by declaratory judgment to litigate a single issue in a dispute that must await another lawsuit for complete resolution." *Yeransian*, 984 F. 3d at 637, quoting *Calderon v. Ashmus*, 523 U.S. 740, 748 (1998).

Furthermore, even if the case-or-controversy requirement is satisfied, the Declaratory Judgment Act is simply "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Roark v. S. Iron R-1 Sch. Dist*., 573 F.3d 556, 561-62 (8th Cir. 2009), quoting *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952). "[A]n important factor in exercising that discretion is whether the declaratory judgment plaintiff has another, more appropriate remedy." *Gulf Underwriters Ins. Co. v. Burris*, 674 F.3d 999, 1004 (8th Cir. 2012), quoting *Glover v. State Farm Fire & Cas. Co.,* 984 F.2d 259, 261 (8th Cir.1993).

The Eighth Circuit and other federal courts of appeal "consistently have refused to use federal declaratory judgment procedure as a means of attack upon a state criminal judgment." *Booker v. State of Ark.*, 380 F.2d 240, 242-43 (8th Cir. 1967), *abrogated on other grounds by Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489 n. 2 (1973). "A state prisoner is not entitled to seek a declaratory determination from the federal courts under 28 U.S.C.A. § 2201 as to the validity of the judgment on which he is confined. If the restraint in which he is held is constitutionally invalid, the federal courts have the power to release him therefrom in habeas corpus, after exhaustion by him of such state remedies as are available to him." *Waldon v. Iowa*, 323 F.2d 852, 852-53 (8th Cir. 1963).

Plaintiff claims "a favorable decision will allow [him] to rely on [the *Smith* decision] to continue his challenge to the constitutionality of the statute of his conviction [for second degree murder, Neb. Rev. Stat. § 29-304], just as he already tried." Plaintiff believes a favorable decision by this court (*i.e.*, a declaration that the rule announced by the Nebraska Supreme Court in *Smith* is a substantive rule that applies retroactively to cases on collateral review) will give him "a shot to have his claim reviewed in a state forum," or, failing that, to "bring the retroactivity of [the *Smith*] question to the U.S. Supreme Court, …." (Filing 10, ¶ 15.) Anticipating the affirmative defense of *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff also alleges that "a favorable judgment will not [necessarily] imply the invalidity of Plaintiff's convictions and sentences." (Filing 10, ¶ 16.) In other words, there is no actual controversy here—this action is simply a prelude to further litigation in state court.

United States Supreme Court cases have established that the "irreducible constitutional minimum" of standing consists of three elements. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.,* at 560-61; *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 180-81 (2000). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (1990). Where, as here, a case is at the pleading stage, the plaintiff must "clearly ... allege facts demonstrating" each element. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), quoting *Warth v. Seldin,* 422 U.S. 490, 518 (1975).

6

To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S.Ct., at 1548, quoting *Lujan,* 504 U.S., at 560. For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Ibid*. An injury in fact must also be "concrete" or "*de facto*"; that is, it must actually exist. Spokeo, 136 S. Ct., at 1548.

An incarcerated convict's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (federal habeas corpus petition). In this case, though, Plaintiff is not challenging the validity of his conviction. Rather, Plaintiff is complaining that he is effectively barred from challenging the validity of his conviction in Nebraska courts because of the *Glass* decision, and he wants a federal court to remove that barrier by declaring that *Glass* was wrongly decided.[3]

---

[3] Under the *Rooker-Feldman* doctrine, federal district courts generally lack subject matter jurisdiction over suits that are, in substance, appeals from state-court judgments. See *Mosby v. Ligon,* 418 F.3d 927, 931 (8th Cir. 2005); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415, 416 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). The basis for the *Rooker-Feldman* doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction, and by statute they are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257. *Dornheim v. Sholes,* 430 F.3d 919, 923 (8th Cir. 2005). Section 1257 "precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, *e.g.,* § 1330 (suits against foreign states), § 1331 (federal question), and § 1332 (diversity)." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). But § 1257 does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Id.* at 293, quoting *GASH Assocs. v. Rosemont,* 995 F.2d 726, 728 (7th Cir.1993).

This case is not dissimilar to *Calderon*, in which a prisoner filed a class-action for declaratory and injunctive relief challenging the prospective application of the expedited review provisions of Chapter 154 of the Antiterrorism and Effective Death Penalty Act (AEDPA) to California capital convictions. The federal district court declared that California did not yet qualify for expedited review under Chapter 154, and the Ninth Circuit affirmed. The Supreme Court reversed, however, concluding that "this action for a declaratory judgment and injunctive relief is not a justiciable case within the meaning of Article III." *Id.*, 523 U.S. at 749. The Court explained:

> The underlying "controversy" between petitioners and respondent is whether respondent is entitled to federal habeas relief setting aside his sentence or conviction obtained in the California courts. But no such final or conclusive determination was sought in this action. Instead, respondent carved out of that claim only the question whether, when he sought habeas relief, California would be governed by Chapter 153 or by Chapter 154 in defending the action. Had he brought a habeas action itself, he undoubtedly would have obtained such a determination, but he seeks to have that question determined in anticipation of seeking habeas so that he will be better able to know, for example, the time limits that govern the habeas action.
>
> * * *
>
> As in *Coffman* [*v. Breeze Corp.,* 323 U.S. 316 (1945)] respondent here seeks a declaratory judgment as to the validity of a defense the State may, or may not, raise in a habeas proceeding. Such a suit does not merely allow the resolution of a "case or controversy" in an alternative format, as in *Aetna Life Ins.* [*Co. v. Haworth,* 300 U.S. 227 (1937)], but rather attempts to gain a litigation advantage by obtaining an advance ruling on an affirmative defense, *see Coffman, supra,* at 322-324, 65 S.Ct., at 301–303; *Wycoff Co., supra,* at 245-246, 73 S.Ct., at 241-242. The "case or controversy" actually at stake is the class members' claims in their individual habeas proceedings. Any judgment in this action thus would not resolve the entire case or controversy as to any one of them, but would merely determine a collateral legal issue governing certain aspects of their pending or future suits.

*Calderon*, 523 U.S., at 747.

The principles stated by the Supreme Court in *Calderon* have been applied by federal courts in other situations where prisoners have sought declaratory relief in an effort to obtain a ruling on an issue related to their convictions or sentences. *See*, *e.g.*, *Knop v. Alabama*, No. 2:07-CV-288-WKW, 2007 WL 1491029, at *1 (M.D. Ala. May 21, 2007) (convicted prisoner could not use Declaratory Judgment Act to challenge constitutionality of Alabama Supreme Court decision and to enjoin its retroactive application); *Weldon v. Pacheco*, 715 F. App'x 837, 843-44 (10th Cir. 2017) (prisoner could not obtain "piecemeal declarations of law that would dove-tail with his various objections to the procedural-bar defense successfully raised by the State in his habeas case."); *Parker v. Reno*, 232 F.3d 902 (10th Cir. 2000) ("Here, Mr. Parker seeks to use the Declaratory Judgment Act to resolve issues that were actually addressed or that could have been addressed in the prior habeas actions. The Declaratory Judgment Act does not allow such collateral challenges."); *Jenkins v. United States*, 386 F.3d 415, 418-19 (2d Cir. 2004) (declaratory judgment action seeking determination that certain provisions of AEDPA were unconstitutionally restrictive, in limiting prisoner's right to petition for habeas relief, was properly dismissed for lack of standing); *Robinson v. Daniels*, No. CV 16-176-KD-N, 2016 WL 7155803, at *6 (S.D. Ala. Nov. 7, 2016) (prisoner could not obtain declaratory judgment regarding constitutionality of Alabama's sentencing schemes, either to use in a habeas action or to use in lieu of a habeas action), *report and recommendation adopted*, No. CV 16-00176-KD-N, 2016 WL 7155766 (S.D. Ala. Dec. 7, 2016) (dismissing for lack of subject matter jurisdiction); *Griffith v. Wirdell*, No. 8:06CV709 T27EAJ, 2006 WL 4876955, at *2 (M.D. Fla. Nov. 6, 2006) (dismissal warranted where plaintiff was "attempting to gain a litigation advantage in his state post-conviction proceedings by obtaining an advance ruling by this Court that the statute under which he was convicted is violative of the federal constitution."). *See also Garza v. Kleine*, No. 8:19CV83, 2020 WL 1702339, at *2 (D. Neb. Apr. 8, 2020) ("The law is well-established that a prisoner cannot seek a declaratory judgment under 28 U.S.C. § 2201 as to the validity of a state court judgment which he is engaged in serving."); *Alford v. Peterson*, No. 8:19CV179, 2019 WL 3305624, at *2 (D. Neb. July 23, 2019) ("Plaintiff attempts to attack his state conviction indirectly through the Declaratory Judgment Act, 28 U.S.C. § 2201, when he should

9

have done so directly through a habeas petition."); *Mumin v. Hansen*, No. 8:19CV59, 2019 WL 1277512, at *2-3 (D. Neb. Mar. 20, 2019) ("Rather than seeking permission to attack his state conviction directly, through a successive habeas, Plaintiff invokes the Declaratory Judgment Act, 28 U.S.C. § 2201, and seeks to accomplish indirectly what he is prohibited from doing directly.").

IV. CONCLUSION

This court does not have subject matter jurisdiction over Plaintiff's claim for declaratory and injunctive relief, as alleged in the Amended Complaint. Plaintiff's action therefore will be dismissed without prejudice, and without further leave to amend, which would be futile. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (dismissal for lack of subject matter jurisdiction should be without prejudice); *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (district court may deny leave to amend when amendment would be futile).

IT IS ORDERED:

1. This action is dismissed without prejudice.

2. Judgment will be entered by separate document.

Dated this 22nd day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge