IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN LUIS LEONOR,<br><br>                Plaintiff,<br><br>vs.<br><br>CHIEF JUSTICE HEAVICAN, Nebraska Supreme Court Chief Justice; WRIGHT, Nebraska Supreme Court Justice; MILLER-LERMAN, Nebraska Supreme Court Justice; CASSEL, Nebraska Supreme Court Justice; STACY, Nebraska Supreme Court Justice; KELCH, Nebraska Supreme Court Justice; FUNKE, Nebraska Supreme Court Justice; PAPIK, Nebraska Supreme Court Justice; and DOUGLAS PETERSON, Nebraska Attorney General;<br><br>                Defendants. | 8:21CV76<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Juan Luis Leonor's Motion to Reopen Judgment and Leave to Amend Dismissed Complaint, Filing No. 26, and Motion for Appointment of Counsel, Filing No. 33. For the reasons below, the motions will be denied.

**I. BACKGROUND**

Plaintiff filed his initial pro se Complaint, Filing No. 1, in this matter on February 26, 2021, and, after being granted leave to do so, filed his Amended Complaint, Filing No. 10, on May 7, 2021, naming several current and former Nebraska Supreme Court Justices and the Nebraska Attorney General as defendants. On June 22, 2021, the

Court[1] conducted an initial review of Plaintiff's Amended Complaint and summarized the pleading as follows, in relevant part:

> Plaintiff alleges he was convicted in 2002 of, among other charges, two counts of second degree murder, in violation of Neb. Rev. Stat. § 2[8]-304(1), and two counts of use of a deadly weapon to commit a felony, in violation of Neb. Rev. Stat. § 28-1205(1), and he is currently serving his sentences on those convictions. (Filing 10, ¶¶ 4, 5.) Plaintiff's convictions and sentences were affirmed by the Nebraska Supreme Court in *State v. Leonor*, 263 Neb. 86, 638 N.W.2d 798 (2002).
>
> Plaintiff alleges he unsuccessfully sought state habeas corpus relief in 2017, relying on the Nebraska Supreme Court's decision in *State v. [Ronald] Smith*, 282 Neb. 720, 806 N.W.2d 383 (2011), which held that "an intentional killing committed without malice upon a 'sudden quarrel,' . . . constitutes the offense of manslaughter." *Smith*, 282 Neb. at 734, 806 N.W.2d at 394. *Smith* overruled *State v. Jones*, 245 Neb. 821, 515 N.W.2d 654 (1994), in which the Nebraska Supreme Court had held "there is no requirement of an intention to kill in committing manslaughter. The distinction between second degree murder and manslaughter upon a sudden quarrel is the presence or absence of an intention to kill." *Jones*, 245 Neb. at 830, 515 N.W.2d at 659. After *Smith*, the only differentiation is the presence or absence of sudden quarrel provocation. *See State v. Stack*, 307 Neb. 773, 788-89, 950 N.W.2d 611, 622 (2020).
>
> Affirming the dismissal of Plaintiff's habeas petition, the Nebraska Court of Appeals held Plaintiff was precluded from collaterally attacking his convictions because the Nebraska Supreme Court declared in *State v. Glass*, 298 Neb. 598, 905 N.W.2d 265 (2018), that its holding in *Smith* is not a substantive rule of law, and thus does not apply retroactively to cases on collateral review. (Filing 10, ¶¶ 7-9.) A copy of the Court of Appeals' unpublished opinion, issued on March 27, 2018, is attached to Plaintiff's Amended Complaint. (Filing 10, pp. 23-31.) The court takes judicial notice that Plaintiff's petition for additional review by the Nebraska Supreme Court was denied on June 1, 2018, and his petition for a writ of certiorari was denied by the United States Supreme Court on October 15, 2018.

Filing No. 12 at 3–4 (footnotes omitted). As relief, Plaintiff sought a declaration that under "federal rules of retroactivity, . . . the rule announced in *Ronald Smith* is a

---

[1] Judge Richard G. Kopf initially presided over Plaintiff's case. Due to Judge Kopf's retirement in December 2022, this matter was reassigned to the undersigned upon Plaintiff's filing of his Motion to Reopen Judgment and Leave to Amend Dismissed Complaint.

2

substantive rule that applies retroactively to cases on collateral review." Filing No. 10 at 21.[2] Plaintiff also sought an injunction "directing the Nebraska Courts to apply retroactively in Plaintiff's case the new rule announced in *Ronald Smith*." *Id*.

Upon initial review, the Court concluded that it lacked subject matter jurisdiction over Plaintiff's action, which was brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because the Amended Complaint failed to state an actual case or controversy within the meaning of Article III. Filing No. 12. The Court dismissed Plaintiff's Amended Complaint without prejudice and without leave to amend, concluding further amendment would be futile. *Id*. at 10. Plaintiff appealed the Court's judgment of dismissal, and the Eighth Circuit summarily affirmed on August 16, 2021, with the mandate issuing on October 28, 2021. Filing No. 22; Filing No. 24.

## II. MOTION TO REOPEN JUDGMENT AND AMEND

### A. Summary of Motion

On June 12, 2023, nearly two years after the Court dismissed his Amended Complaint, Plaintiff filed his Motion to Reopen Judgment and Leave to Amend Dismissed Complaint ("Motion to Reopen and Amend") under Federal Rules of Civil Procedure 60(b)(6) and 15(a). Filing No. 26. With his motion, Plaintiff submitted a proposed Second Amended Complaint, Filing No. 26-1, a brief in support of his motion, Filing No. 27, and an index of exhibits, Filing No. 28, with an authenticating affidavit, Filing No. 29. Essentially, Plaintiff seeks to reopen the judgment based on "an actual controversy not available to him when he filed his Amended Complaint, but that triggers subject matter jurisdiction" and asks to file his Second Amended Complaint "to cure the

---
[2] Throughout this Memorandum and Order, all citations to Plaintiff's pleadings omit or alter the punctuation and emphasis used by Plaintiff when referring to case names.

3

jurisdictional defect, add a legal theory and to add an additional defendant." Filing No. 27 at 2.

In his proposed Second Amended Complaint, Plaintiff names the same Defendants as his Amended Complaint, but adds an additional current Nebraska Supreme Court Justice (Freudenberg) and replaces the former Nebraska Attorney General, Douglas Peterson, with the current one, Mike Hilgers. *Compare* Filing No. 10 *with* Filing No. 26-1. Plaintiff alleges he moved for state postconviction relief in 2012 following the Nebraska Supreme Court's decision in *State v. Ronald Smith*, 806 N.W.2d 383 (Neb. 2011) ("*Ronald Smith*"), which, as summarized above, held that manslaughter upon a sudden quarrel is an intentional offense. In his postconviction motion, Plaintiff sought relief based, in part, on the *Ronald Smith* decision. Filing No. 26-1 at 21–36, Ex. 1 (issues 3 and 10 in postconviction motion). Plaintiff's postconviction motion was denied for procedural reasons, "but due to official negligence" Plaintiff was unable to obtain appellate review of his postconviction claims for approximately eleven years until the state district court granted Plaintiff's motion to reinstate his appeal on February 10, 2023. *Id*. at 4, ¶ 16; *see also Id*. at 42–44, Ex. 3. At the time Plaintiff filed his motion and proposed Second Amended Complaint, his postconviction appeal was pending before the Nebraska Supreme Court.

During the time Plaintiff was seeking reinstatement of his postconviction appeal, the Nebraska Supreme Court decided *State v. William Smith*, 822 N.W.2d 401 (Neb. 2012) ("*William Smith*"), which held that the rule in *Ronald Smith* applied to cases not yet final on direct review but was not a new constitutional rule, and *State v. Glass*, 905 N.W.2d 265 (Neb. 2018), which held that the *Ronald Smith* rule was not a substantive

4

rule of constitutional law and did not apply on collateral review. Plaintiff alleges his "resulting injury" is that Defendants will use *Glass* and *William Smith* to not consider and review the merits of Plaintiff's *Ronald Smith* issues in his postconviction appeal to the Nebraska Supreme Court and, by doing so, Defendants will deny Plaintiff a remedy that *Teague v. Lane*, 489 U.S. 288 (1989),[3] requires—namely the application of the *Ronald Smith* rule to Plaintiff's case on collateral review—in violation of the Supremacy Clause and Fourteenth Amendment. Filing No. 26-1 at 4–5, ¶¶ 18–19.

For his proposed relief, Plaintiff seeks a preliminary injunction staying his postconviction appeal proceedings before the Nebraska Supreme Court "while this Court determines whether, under *Teague*, the decision in *Ronald Smith* applies to Plaintiff." *Id*. at 18, ¶ 72. Plaintiff also asks this Court "to declare that, under *Teague*, the decision in *Ronald Smith* applies to Plaintiff" and to issue an injunction directing Defendants "to abstain from using *Glass* or *William Smith* in deciding Plaintiff's *Ronald Smith* claims" and "to apply *Ronald Smith* to his case as required by *Teague*." *Id*. at 19–20, ¶¶ 74–75.

Plaintiff's brief in support of his Motion to Reopen and Amend asserts that his pending postconviction appeal presents extraordinary circumstances justifying relief from this Court's judgment of dismissal under Federal Rule of Civil Procedure 60(b)(6) and that leave to amend to cure the previous jurisdictional defect with allegations of Plaintiff's present "actual controversy" should be granted. Filing No. 27 at 4, 8.

---

[3] In *Teague*, the Supreme Court held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced" unless the rule "places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe,'" or the rule is a "watershed rule[] of criminal procedure." *Teague*, 489 U.S. at 310–11 (quoting *Mackey v. United States*, 401 U.S. 667, 692 (1971) (opinion concurring in judgments in part and dissenting in part)). *See also Montgomery v. Louisiana*, 577 U.S. 190, 198 (2016) (discussing *Teague's* framework for retroactivity in cases on federal collateral review).

However, on July 17, 2023, Plaintiff filed a Notice informing the Court that on June 20, 2023, eight days after Plaintiff filed his Motion to Reopen and Amend in this Court, the Nebraska Supreme Court resolved Plaintiff's postconviction appeal "against Plaintiff, on the federal question that is the subject of the declaratory judgment." Filing No. 31 at 2, ¶ 7. Plaintiff contends, though, that standing for the declaratory judgment he seeks still exists. *Id.*, ¶ 8.

**B. Discussion**

Plaintiff seeks relief under Rule 60(b)(6), which permits a court to grant a party relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under this catchall provision is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Additionally, a Rule 60(b)(6) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Plaintiff also seeks leave to amend his Amended Complaint in conjunction with his request for Rule 60(b)(6) relief. The United States Court of Appeals for the Eighth Circuit has "repeatedly explained that '[a] motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal.'" *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (quoting *Mountain Home Flight Serv., Inc. v. Baxter Cty.*, 758 F.3d 1038, 1045 (8th Cir. 2014)).

> Leave to amend should be granted liberally under Rule 15 prior to dismissal. After judgment has been entered, district courts may not ignore the considerations of Rule 15, but leave to amend a pleading will be granted only "if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief."

*Id.* (quoting *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014)).

6

Here, Plaintiff contends that the pendency of his postconviction appeal at the time he filed his Motion to Reopen and Amend constitutes extraordinary circumstances justifying relief from the Court's 2021 judgment and cures the jurisdictional defect in his Amended Complaint by presenting an actual controversy to support Article III standing. The Court has carefully reviewed Plaintiff's Motion to Reopen and Amend and supporting materials, keeping in mind the standards and requirements of Article III standing which the Court thoroughly discussed in the June 22, 2021, Memorandum and Order dismissing this case and which will not be repeated here. *See* Filing No. 12 at 4–10. Upon review, the Court concludes Plaintiff has failed to demonstrate that he is entitled to relief from the Court's judgment as his proposed Second Amended Complaint still fails to state an actual case or controversy within the meaning of Article III.

Despite Plaintiff's efforts to recharacterize the alleged injury he faces, the conclusion is inescapable that the underlying actual controversy presented by Plaintiff's allegations is the validity of Plaintiff's convictions which Plaintiff was challenging through his postconviction appeal. What Plaintiff is trying to do here is carve out a claim from his postconviction proceeding, i.e. whether he is entitled to the benefit of the *Ronald Smith* rule to challenge his conviction, and have that collateral question decided by this Court. As the Court concluded in the order dismissing Plaintiff's Amended Complaint, "there is no actual controversy here—this action is simply a prelude to further litigation in state court." Filing No. 12 at 6.

The declaration Plaintiff seeks from this Court falls squarely within the rule announced in *Calderon v. Ashmus*, 523 U.S. 740 (1998). That is, because Plaintiff seeks relief that "would not resolve the entire case or controversy as to any [party] . . . ,

7

but would merely determine a collateral legal issue governing certain aspects of . . . pending or future suits," id. at 747, his declaratory judgment action falls "outside the constitutional definition of a 'case' in Article III," id. at 746.

Plaintiff also presents no reason why he cannot raise his arguments in support of application of the *Ronald Smith* rule to his case on collateral review to the Nebraska Supreme Court or ask the Nebraska Supreme Court to reconsider the *Glass* and *William Smith* decisions in his postconviction proceedings. In fact, Plaintiff did raise such arguments in his postconviction appeal briefing and the Nebraska Supreme Court essentially rejected his arguments in granting the State's motion for summary affirmance.[4] If the Court were to grant Plaintiff's motion to reopen this case and grant him the relief he requests in his proposed second amended complaint, the Court effectively would be serving as an appellate court and reviewing the Nebraska Supreme Court's judgment denying Plaintiff's postconviction appeal. The Court lacks subject matter jurisdiction to engage in such review under the *Rooker-Feldman* doctrine. See Mosby v. Ligon, 418 F.3d 927, 931 (8th Cir. 2005) (Under the *Rooker-Feldman* doctrine, federal district courts generally lack subject matter jurisdiction over suits that are, in substance, appeals from state-court judgments.) (citing Rooker v. Fid. Trust Co., 263 U.S. 413, 415, 416 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)). Instead, Plaintiff would need to seek such direct review in the United States Supreme Court. The Court takes judicial notice that Plaintiff did file a petition for writ of

---

[4] *See State v. Leonor*, Nebraska Supreme Court Case No. S-23-153. The Court may take judicial notice of judicial opinions and public records and include them in its consideration of a case. *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005). Nebraska's judicial records may be retrieved online through the JUSTICE website, https://www.nebraska.gov/justice.

certiorari from the denial of his postconviction appeal which the United States Supreme Court denied on October 16, 2023.

As the Court explained in the Memorandum and Order dismissing Plaintiff's Amended Complaint, Plaintiff cannot use the Declaratory Judgment Act to indirectly attack his state court convictions and sentences because such challenges are only cognizable in habeas corpus. Filing No. 12 at 6–10. *See also Calderon*, 523 U.S. at 747 ("The disruptive effects of [a declaratory judgment] action such as this are peculiarly great when the underlying claim must be adjudicated in a federal habeas proceeding."). The declaratory judgment Plaintiff seeks through the reopening of this case and the filing of his proposed Second Amended Complaint would only be a prelude to further state court and/or federal habeas litigation. Thus, Plaintiff's proposed Second Amended Complaint suffers from the same jurisdictional defect as his Amended Complaint—no actual case or controversy within the meaning of Article III is presented. Accordingly, the Court concludes Plaintiff has failed to establish extraordinary circumstances for setting aside the Court's judgment under Rule 60(b)(6) and leave to amend his Amended Complaint is not warranted.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Lastly, Plaintiff filed a motion on December 18, 2023, requesting that the Court appoint him counsel "to represent him during the Rule 60(b)(6) proceeding and further proceedings." Filing No. 33. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so,

9

*Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

This matter was dismissed on June 22, 2021, and the Court has now considered Plaintiff's Motion to Reopen and Amend and determined that relief from the judgment under Rule 60(b)(6) should be denied. As such, the Court finds no need for the appointment of counsel in this closed case, and Plaintiff's motion is denied.

## IV. CONCLUSION

For the reasons outlined above, the Court lacks subject matter jurisdiction over the declaratory and injunctive relief Plaintiff seeks to pursue by reopening this case and filing his proposed Second Amended Complaint. As such, the Court finds Plaintiff has failed to establish extraordinary reasons justifying relief from judgment in this matter under Federal Rule of Civil Procedure 60(b)(6) and his Motion to Reopen and Amend is denied.

IT IS THEREFORE ORDERED that: Plaintiff's Motion to Reopen Judgment and Leave to Amend Dismissed Complaint, Filing No. 26, and Motion for Appointment of Counsel, Filing No. 33, are denied.

Dated this 16th day of February, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

11